## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| David Earl Wattleton, | Case No. 19-CV-1490 (MJD/HB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden Steve Kallis, Federal Medical Center Rochester, | |
| Respondent. | |

Petitioner David Earl Wattleton "was indicted for making bomb threats, in violation of 18 U.S.C. § 844(e)" in the United States District Court for the Northern District of Georgia, "and the jury rendered an insanity verdict." *United States v. Wattleton*, 296 F.3d 1184, 1187 (11th Cir. 2002).  Since that time, Wattleton has been civilly committed pursuant to 18 U.S.C. § 4243; he is presently detained at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester").  Wattleton has filed a petition for a writ of habeas corpus seeking release from detention or, barring that, transfer to a less-restrictive facility.  That petition is now before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

Wattleton's habeas petition is, in large part, a repeat of a petition he filed in this District only months ago.  *See Wattleton v. Paul*, No. 18-CV-3033 (DSD/LIB),

---

[1] The habeas petition is not brought pursuant to 28 U.S.C. § 2254, but the Rules Governing Section 2254 Cases may nevertheless be applied to Wattleton's Petition.  *See* Rule 1(b).

1

2018 WL 6815059 (D. Minn. Nov. 29, 2018); *R. & R. adopted*, 2018 WL 6807393 (D. Minn. Dec. 27, 2018). Nothing about the relevant law has changed in the meantime. As explained to Wattleton previously, under the well-established case law of this circuit, a petitioner "may not collaterally attack his decision to assert a successful insanity defense." *Archuleta v. Hedrick*, 365 F.3d 644, 648 (8th Cir. 2004) (citing *Curry v. Overholser*, 287 F.2d 137, 139–40 (D.C. Cir. 1960)). Thus, Wattleton simply cannot use a petition for a writ of habeas corpus to challenge his verdict. To the extent that Wattleton believes he is entitled to release for reasons other than the invalidity of his verdict, a vehicle for that remedy remains available to him: a motion brought pursuant to 18 U.S.C. § 4247(h) in the Northern District of Georgia. *Id*. at 648-49. Finally, insofar as Wattleton believes that these conclusions are incorrect, the answer is not to file duplicative habeas petitions, but instead to file an appeal from the dismissal of the habeas petition. Wattleton may not simply return to federal district court on repetitive habeas claims until he receives an answer to his liking. *See also Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (plurality opinion) ("[W]here a prisoner files a petition raising grounds that were available but not relied upon in a prior petition, or engages in other conduct that disentitles him to the relief he seeks, the federal court may dismiss the subsequent petition on the ground that the prisoner has abused the writ" (quotation omitted).).

The request for a transfer, by contrast, is not substantively duplicative of Wattleton's most recent prior habeas litigation. Nevertheless, this claim also fails. Wattleton contends that conditions at FMC-Rochester are sufficiently dire as to render it not a "suitable facility" for purposes of 18 U.S.C. § 4247(a)(2). But Wattleton's gripes with the conditions at FMC-Rochester are exceedingly minor (*see* Pet. at 5 [Doc. No. 1]) ("He alleges that certain prison officials have been engaged in a shame trolling scheme aimed at annoying, bothering, and distressing petitioner. In other instances petitioner has been subjected to hypervigilant behavior monitoring. Nothing petitoiner [sic] does or says is benign, everything that petitioner complains about is banal."), and by his own account, Wattleton's complaints extend to only a single living unit at FMC-Rochester

(*see id*.) Even assuming that every allegation in the petition is true, Wattleton has fallen far short of demonstrating that FMC-Rochester is not a "suitable facility" within the meaning of § 4247(a)(2).[2]

Accordingly, the Court recommends that the petition for a writ of habeas corpus be denied. Wattleton's application to proceed *in forma pauperis* may also be denied, based on that recommendation. *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996).

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. David Earl Wattleton's petition for a writ of habeas corpus of [Doc. No. 1] be **DENIED**; and

2. Wattleton's application to proceed *in forma pauperis* [Doc. No. 2] be **DENIED**.

Dated: June 26, 2019                              s/Hildy Bowbeer
                                                  Hildy Bowbeer
                                                  United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

---

[2] Again, insofar as Wattleton believes that FMC-Rochester is no longer a suitable facility because his continued detention has become medically unnecessary, he may seek relief pursuant to § 4247(h) in the Northern District of Georgia.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).